UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

FILED
DEC 0 1 2009
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| UNITED COMMUNITY BANK | ) |
| Plaintiff, | ) |
| v. | ) |
| SECURITY UNION TITLE INSURANCE COMPANY | ) |
| Defendant. | ) |

Case No. 3:09-CV-521

Varlan/Guyton

## COMPLAINT

The Plaintiff United Community Bank for its Complaint against the Defendant Security Union Title Insurance Company respectfully states as follows:

### I. PARTIES

1. The Plaintiff United Community Bank (the "Bank") is a bank formed under the laws of the State of Georgia with its principal place of business in Georgia.

2. The defendant Security Union Title Insurance Company ("Security Union") is a California corporation with its principal place of business in Jacksonville, Florida. Security Union may be served with process through its registered agent, Anthony Park, 200 East Gaines Street, Tallahassee, Florida, 32399.

### II. JURISDICTION

3. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1332 because the parties are domiciled in different states and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### III. FACTS

5. On May 3, 2007, the Bank entered into a promissory note with Ray Sparks pursuant to which the Bank agreed to loan Sparks $245,500.00 (the "Sparks Loan").

6. The Sparks' Loan was secured by a Deed of Trust on Lot 137 of Majestic Meadows Phase III, Sevier County, Tennessee and recorded at Book 2815, page 101 in the Sevier County, Tennessee Register of Deeds Office in favor of the Bank (the "Sparks Deed of Trust")

7. Security Union issued Policy of Title Insurance No. TN2589-49-307244-2007.75107-7367146 insuring the Bank's interest in the Sparks Deed of Trust (the "Sparks Title Insurance Policy"). The Defendant is in possession of a copy of the Sparks Title Insurance Policy.

8. The Sparks Title Insurance Policy insured against loss or damage to the Bank by reason of: (1) title to the Sparks property being vested other than in fee simple in Sparks; (2) any defect or lien or encumbrance on the title to the property; (3) unmarketability of the title; (4) the invalidity or unenforceability of the Sparks Deed of Trust; (5) the priority of any lien or encumbrance over the Sparks Deed of Trust as well as against other defects and occurrences indentified in the Sparks Title Insurance Policy.

9. Sparks defaulted under the terms of the Sparks Loan.

10. As a result of Sparks' default under the Sparks Loan, the Bank began the process of foreclosing on the Sparks Deed of Trust.

11. In proceeding with a foreclosure of the Sparks Deed of Trust, the Bank discovered that a previous deed of trust on Lot 137 of Majestic Meadows Phases III, Sevier County, in favor of Infinity Mortgage Group, Inc. had not been properly released (the "Infinity Deed of Trust").

12. The Sparks Title Insurance Policy insured the Bank against any loss or damage as a result of the existence of the Infinity Deed of Trust.

13. The Bank made demand to Security Union for coverage under the Sparks Title Insurance Policy as a result of the existence of the Infinity Deed of Trust.

14. The Bank has complied with all conditions precedent to coverage under the Sparks Title Insurance Policy.

15. Despite demand, Security Union has failed to provide the Bank the insurance coverage provided by the Sparks Title Insurance Policy.

16. As a result of Security Union's failure to provide the insurance coverage provided by the Sparks Title Insurance Policy, the Bank has suffered damages in an amount in excess of $75,000.00.

17. On April 30, 2007, the Bank entered into a promissory note with Fletcher D. Phinizy pursuant to which the Bank agreed to loan Phinizy $486,500.00 (the "Phinizy Loan").

18. The Phinizy Loan was secured by a Deed of Trust on two pieces of real property located in Sevier County Tennessee (the "Phinizy Property") and recorded in Book 2809, Page 466 in the Sevier County, Tennessee Register of Deeds Office (the "Phinizy Deed of Trust").

19. Security Union issued Policy of Title Insurance No. TN2589-49-3070175-2007.75107-73617196 insuring the Bank's interest in the Phinizy Deed of Trust (the "Phinizy

Title Insurance Policy"). The Defendant is in possession of a copy of the Phinizy Title Insurance Policy.

20. The Phinizy Title Insurance Policy insured against loss or damage to the Bank by reason of: (1) title to the Phinizy Property being vested other than in fee simple in Phinizy; (2) any defect or lien or encumbrance on the title to the Phinizy Property; (3) unmarketability of the title; (4) the invalidity or unenforceability of the Phinizy Deed of Trust; (5) the priority of any lien or encumbrance over the Phinizy Deed of Trust as well as other defects and occurrences indentified in the Phinizy Title Insurance Policy.

21. Phinizy defaulted under the terms of the Phinizy Loan.

22. As a result of Phinizy's default under the Phinizy Loan, the Bank began the process of foreclosing on the Phinizy Deed of Trust.

23. In the process of foreclosing on the Phinizy Deed of Trust, the Bank discovered that Phinizy's wife had an ownership interest in the Phinizy Property to which the Phinizy Deed of Trust applied.

24. The Phinizy Title Insurance Policy insured the Bank against any loss or damage as a result of the ownership interest of anyone other than Phinizy in the Phinizy Property.

25. The Bank made demand to Security Union for coverage under the Phinizy Title Insurance Policy as a result of Phinizy's wife's ownership interest in the Phinizy Property.

26. The Bank has complied with all conditions precedent to coverage under the Phinizy Title Insurance Policy.

27. Despite demand, Security Union has failed to provide the Bank the insurance coverage provided by the Phinizy Title Insurance Policy.

## IV. CAUSES OF ACTION

### Breach of Contract

28. The Bank adopts and incorporates by reference the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29. The Sparks Title Insurance Policy and the Phinizy Title Insurance Policy provide insurance coverage to the Bank as a result of the events and occurrences described above.

30. The Bank has failed to provide the Bank the insurance coverage provided by the Sparks Title Insurance Policy and the Phinizy Title Insurance Policy.

31. Security Union's failure to provide the Bank the insurance coverage provided by the Sparks Title Insurance Policy and the Phinizy Title Insurance Policy is a breach of Security Union's obligations under the respective policies.

32. As a result of Security Union's breach of its obligations under the Sparks Title Insurance Policy and the Phinizy Title Insurance Policy the Bank has suffered damages in an amount in excess of $75,000.00.

WHEREFORE PREMISES CONSIDERED, the Plaintiff United Community Bank respectfully requests the following relief:

1. That judgment be entered in its favor in an amount to be proven at trial;
2. That the Bank be awarded its attorneys' fees;
3. That the Bank be awarded prejudgment and post judgment interest;
4. That all costs including discretionary costs be taxed against the Defendant; and

5. That the Court award such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature: William D. Leader, Jr.]*

William D. Leader, Jr. (No. 09531)
Julie Murphy Burnstein (No. 18149)(motion for admission *pro hac vice* to be filed)
LEADER, BULSO, NOLAN & BURNSTEIN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219
(615) 780-4110
*Attorneys for Plaintiff United Community Bank*